**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARVIN K. JONES,

        Plaintiff,

vs.                                             Case No. 3:13-cv-1254-J-34JRK

WAL-MART ASSOCIATES, INC.,
SACRAMENTO COUNTY DEPARTMENT
OF CHILD SUPPORT SERVICES,
AUTOMATIC DATA PROCESSING, INC.,
and FEDERAL OFFICE OF CHILD
SUPPORT ENFORCEMENT SERVICES,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**I. Status / Background**

On October 16, 2013, Plaintiff initiated this action by filing a Complaint (Doc. No. 1; "Complaint"), and an Affidavit of Indigency (Doc. No. 2) that the Court construed as a Motion to Proceed In Forma Pauperis ("First Motion"). From a review of the Complaint, it appeared that the gravamen of the Complaint was that a State court entered an order on March 13, 2013 terminating Plaintiff's obligation to pay child support, and according to Plaintiff, the named Defendants "continue[d] to allow money to be taken from [his] paycheck, and refuse[d] to zero the arrears balance as the court order states." Compl. at 2; see id. at 2-3. Plaintiff attached a copy of the State court order to his Complaint. Id. at 28-29. The State court order

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

appears to have been signed by a Duval County Circuit Judge on March 13, 2013. Id. Plaintiff also generally alleged violations of his "constitutional rights," "due process," and the Full Faith and Credit Clause. See id. at 2-4. Evidently, in an attempt to support his allegations, Plaintiff quoted large portions of text from what looked like a newsletter and some law review articles. See id. at 4-26. As relief, Plaintiff requested "$6.5 million." Id. at 26. Plaintiff further requested that the named Defendants "be giv[en] training on laws that govern[] the 'Full Faith and Credit Clause . . . .'" Id.

On January 7, 2014, the First Motion was taken under advisement. See Order (Doc. No. 12). In the January 7, 2014 Order, Plaintiff was advised that the Court had some concerns over what appeared to be some discrepancies in the First Motion. Plaintiff was directed to complete and file a Long Form Affidavit of Indigency, which he timely did on January 23, 2014. See Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 17; "Second Motion"). Plaintiff was also advised in the January 7, 2014 Order that the Court was unclear on which avenue of subject matter jurisdiction Plaintiff was attempting to proceed and that Plaintiff failed to state a claim on which relief may be granted. Plaintiff was directed to file an Amended Complaint addressing those deficiencies. Plaintiff timely filed an Amended Complaint (Doc. No. 16; "Amended Complaint") on January 23, 2014.

In the Amended Complaint, Plaintiff again generally claims that "Defendant(s) wrongfully and illegally took money from him" by continuing to withhold money from his paycheck after the State court order was entered terminating his child support obligation. Am. Compl. at 5; see id. at 3-8. Plaintiff claims that he "personally called several times to each [D]efendant and fax[ed] copies of the [State] judge's order trying to get the [D]efendants to

abide by the order without prevail." Id. at 5.  He asserts that "[e]ach [D]efendant violated [his] due process rights by not following the judge's order, and they caused [him] emotional distress, pain and suffering, [and] financial hardship by taking money that [he] needed . . . ." Id. at 4.  In support of his allegations, Plaintiff attached to his Amended Complaint two pay stubs from Wal-Mart.  See id. at 7-8.  Plaintiff apparently seeks monetary relief in excess of $75,000.  See id. at 2, 4, 6.

## II. Legal Framework / Discussion

A plaintiff may be allowed to commence a civil action in forma pauperis, i.e., without payment of court filing fees, when that plaintiff declares in an affidavit to the court that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  The court receiving such a case, however, must dismiss the case sua sponte if, at any time, it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), so courts apply the same standard in both contexts.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  When considering whether to grant a motion to dismiss for failure to state a claim on which relief may be granted, the facts alleged in the complaint must be accepted as true, and they must be viewed in the light most favorable to the plaintiff.  Behrens v. Regier, 422 F.3d 1255, 1256-57 (11th Cir. 2005) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

Here, it appears from the Second Motion that Plaintiff likely is financially unable to pay the filing fee. See generally Second Motion. So, the Court must determine whether § 1915 requires a sua sponte dismissal of Plaintiff's case. Although Plaintiff was advised that the Court would only consider the Amended Complaint, upon review of the file and in light of Plaintiff's pro se status, the undersigned finds it appropriate to consider both filings to adequately address Plaintiff's allegations.

Plaintiff names as Defendants Wal-Mart Associates, Inc.; Sacramento County Department of Child Support Services; Automatic Data Processing, Inc.; and the Federal

Office of Child Support Enforcement Services. See Am. Compl. at 1. Plaintiff generally alleges that he called each Defendant and all Defendants refused to follow the State court's order. See id. at 3-5. Plaintiff also contends that "Defendant(s) wrongfully and illegally took money from [Plaintiff] that they should not have taken." Id. at 5. To support his allegations that money was withheld from his paychecks after the State court's order was entered, Plaintiff attached two Wal-Mart pay stubs to the Amended Complaint. See id. at 7-8.

A review of Plaintiff's filings reflects that the only specific allegations of wrongdoing are against Wal-Mart. Plaintiff's general allegations and "naked assertions" of wronging as to the other named Defendants are insufficient to state a valid claim. Iqbal, 556 U.S. at 678. Plaintiff has failed to present specific factual allegations as those Defendants, and the undersigned cannot determine what actions those Defendants allegedly took that caused Plaintiff "a legal wrong."[2] Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) (stating that "[w]hile we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong"). Accordingly, any purported claims against those Defendants are appropriately dismissed. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citations omitted).

As to Wal-Mart, it is difficult to decipher the precise cause(s) of action Plaintiff attempts to raise. If Plaintiff is attempting to bring a claim under 42 U.S.C. § 1983, Plaintiff's allegations are deficient. "To state a claim under § 1983, a plaintiff must establish that he was 'deprived

---

[2] In the Complaint, Plaintiff claims that Automatic Data Processing, inc. "works for Wal-mart." Compl. at 4. Even taking this statement as true, it still does not assist the Court in determining what action(s) that Defendant allegedly took.

of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'" Smith v. Governor for Ala., No. 13-11173, 2014 WL 1303920, at *3 (11th Cir. Apr. 2, 2014) (unpublished) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)).  Plaintiff's conclusory and general statements regarding violations of his Constitutional rights and his citations to various federal laws are not sufficient.  Similarly, there are no allegations of state action.

While Plaintiff relies on the Full Faith and Credit Clause, see Am. Compl. at 2, that Clause is merely a rule intended to guide courts in particular situations; the Clause does not create a private right of action. Cahill v. Kendall, 202 F. Supp. 2d 1322, 1327 (S.D. Ala. 2002) (quoting Thompson v. Thompson, 484 U.S. 174, 182 (1988)).  Plaintiff's citation to the Full Faith and Credit Clause is of no assistance to the Court in trying to decipher Plaintiff's alleged claims.

To the extent Plaintiff is attempting to enforce the State court's order, he cannot do so here in this Court.  His remedy lies in the State court.

Finally, Plaintiff states, "[The] Welfare Reform Act 1996, violates constitutional rights of the Fourteen[th] Amendment, Section 1, and basically violates the constitutional rights of free movement.  The part of the Welfare Reform Act that restricts any person owing child support from receiving a passport to travel." Am. Compl. at 2-3.  Plaintiff has not connected this statement to any of the named Defendants or alleged how he has been affected or wronged by this Act.  His conclusory statements do not rise to the level of a viable cause of action.

### III.  Conclusion

Even considering Plaintiff's Complaint and Amended Complaint collectively, the undersigned finds that Plaintiff has failed to state a valid claim for relief.  Plaintiff's general allegations of Constitutional violations and references to federal statutes are insufficient.  For the foregoing reasons, Plaintiff's pleadings are appropriately dismissed under 28 U.S.C. § 1915(e)(2) as failing to state a viable claim.  After due consideration, it is

**RECOMMENDED THAT**:

1. The Affidavit of Indigency (Doc. No. 2) and the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 17), collectively construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. This case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2).

3. The Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on May 5, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record
Pro se party

-7-